Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| INDIGO SOLUTIONS GROUP, LLC<br><br>Recurrente<br><br>v.<br><br>OFICINA DEL COMISIONADO DE SEGUROS<br><br>Recurrido | KLRA202400049 | *Revisión* procedente de la Oficina del Comisionado de Seguros de Puerto Rico<br><br>Sobre: Reglamento Núm. 9519 de 1 de diciembre de 2023, Regla Núm. 106 del Reglamento del Código de Seguros, "Normas para regular el proceso de valoración ("appraisal") en reclamaciones de seguros" |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2024.

I.

El 14 de abril de 2023 el Comisionado de Seguros de Puerto Rico (Comisionado), a través de un aviso público, publicado en el periódico *Primera Hora* y en su página cibernética, informó su intención de adoptar la *Regla Núm. 106 del Reglamento del Código de Seguros de Puerto Rico, intitulada Normas para Regular el Proceso de Valoración ("Appraisal") en Reclamaciones de Seguros.*[1]

En el aviso el Comisionado anunció que el borrador de la Regla estaría disponible para inspección del público en las oficinas del

---

[1] Lo hizo en virtud de los poderes y facultades que le fueron conferidos por los Artículos 2.030, 26 LPRA § 235 y 11.190(3), 26 LPRA § 1119, del Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957, según enmendada, así como por la Ley Núm. 38-2017, 3 LPRA § 9601 et seq., según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU).

Número Identificador

SEN2024_____

Comisionado y en su página electrónica. Además, invitó al publico a presentar comentarios en torno a la Regla, por escrito dentro de un término de treinta (30) días contados desde la publicación del aviso, mediante entrega física en las oficinas del Comisionado o por correo postal a la dirección allí provista. Finalmente, notificó que aquellos que tuviesen interés en participar en una vista pública, debería solicitarla por escrito junto a sus comentarios dentro del término anterior.

El 15 de mayo de 2023 las aseguradoras MAPFRE PRAICO Insurance Company (MAPFRE PRAICO) y MAPFRE Pan American Insurance Company (MAPFRE) presentaron sus comentarios y solicitaron la celebración de una vista pública. En igual fecha, pero en un escrito independiente, la Asociación de Compañías de Seguros de Puerto Rico (ACODESE) emitió sus comentarios y solicitó participar en la vista pública. El 15 de mayo de 2023 la aseguradora Chubb Insurance Company of Puerto Rico (Chubb) notificó su endoso a los comentarios de ACODESE y también solicitó comparecer a la vista pública.

El 19 de mayo de 2023 el Comisionado citó para vista pública a las aseguradoras MAPFRE PRAICO, MAPFRE, Chubb y ACODESE. La misma se celebraría el viernes 9 de junio de 2023 a las 9:30 a.m. en el Salón de Vistas 803 de la Oficina del Comisionado de Seguros de Puerto Rico, Edificio World Plaza, 268 Ave. Muñoz Rivera, San Juan, PR 00918 (Piso 8). Llegado el día de la vista, comparecieron representantes de MAPFRE, ACODESE, CIAPR y SCVR.[2]

Rendido por el Comisionado el *Informe Final*[3] sobre la propuesta de la Regla Núm. 106, el 1 de diciembre de 2023 el

---

[2] Del informe final sobre la propuesta de la Regla Núm. 106, rendido por el Comisionado el 27 de noviembre de 2023 surge que la aseguradora Chubb no asistió a la vista. En cuanto a las dos últimas, no se expresó a que entidad o entidades correspondían las siglas, la comparecencia de estas surge del *Registro de Asistencia.*

[3] *Informe Final sobre la propuesta de la Regla Número. 106 del Reglamento del Código de Seguros de Puerto Rico: "Normas para Regular el Proceso de Valoración ("Appraisal") en Reclamaciones de Seguros.*

Departamento de Estado aprobó la misma y pasó a ser el Reglamento Núm. 9519 del 1 de diciembre de 2023, *Regla Núm. 106 del Reglamento del Código de Seguros* (Reglamento). A raíz de ello, el 30 de enero de 2024 Indigo Solutions Group, LLC (Indigo) presentó ante nos *Solicitud de Revisión Judicial Impugnando Reglamento Administrativo.* Plantea:

**Primer Error:**

LA AGENCIA ADOPTÓ UN REGLAMENTO CON UNA EXPLICACIÓN BREVE Y CONCISA QUE NO INCLUYÓ "UN RESUMEN EJECUTIVO DISPONIENDO DE FORMA CLARA Y PRECISA EL PROPÓSITO, LA JUSTIFICACIÓN Y LOS COSTOS Y BENEFICIOS DE LA REGLAMENTACIÓN PROPUESTA", INCUMPLIENDO ASÍ CON LA SEC. 2.5(B) DE LA LPAU, 3 LPRA § 9615(B).

**Segundo Error:**

LA AGENCIA OPTÓ POR CELEBRAR UNA VISTA CONFORME LO PERMITE LA SEC. 2.3 DE LA LPAU, 3 LPRA § 9613, PERO INCUMPLIÓ CON SU OBLIGACIÓN DE QUE LA MISMA TUVIERA UN CARÁCTER PÚBLICO AL NO ANUNCIARLA Y/O CONVOCAR AL PÚBLICO EN GENERAL A LA MISMA.

**Tercer Error:**

LA AGENCIA APROBÓ UN CONTENIDO EN EL REGLAMENTO, SIN QUE EXISTIERA BASE LEGAL PARA EL MISMO, EN INCUMPLIMIENTO DE LO REQUERIDO POR LA SEC. 2.5(A) DE LA LPAU, 3 LPRA § 9615(A).

El 1 de febrero de 2024 concedimos al Comisionado un término de treinta (30) días para fijar su posición. El 19 de marzo de 2024, el Comisionado compareció por conducto de la Oficina del Procurador General de Puerto Rico mediante *Escrito en Cumplimiento de Orden.* Con el beneficio de la comparecencia de las partes, el expediente judicial, el derecho y jurisprudencia aplicables, resolvemos.

## II.

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38-2017, según enmendada, establece los requisitos que las agencias administrativas deben cumplir en los procedimientos de

adjudicación y reglamentación[4]. El procedimiento de reglamentación es aquel proceso seguido por una agencia para la formulación, adopción, enmienda o derogación de una regla o reglamento[5]. El concepto de regla o reglamento se define como:

> [...] cualquier norma o conjunto de normas de una agencia que sea de aplicación general que ejecute o interprete la política pública o la ley, o que regule los requisitos de los procedimientos o prácticas de una agencia que tenga fuerza de ley. El término incluye la enmienda, revocación o suspensión de una regla existente. [...][6].

Como puede apreciarse, la característica básica de los procedimientos de reglamentación es su aplicación generalizada de normas que interpretan política pública o prescriben una norma legal[7]. A diferencia del procedimiento de adjudicación, en el proceso de reglamentación no se adjudican derechos u obligaciones de una o más personas específicas, sino que las agencias crean normas de aplicación general.

Conforme a la Sección 2.7(a) de la LPAU, un reglamento aprobado será nulo si no cumpliera **sustancialmente** con el proceso uniforme de reglamentación que establece la LPAU[8]. A su vez, la Sección 2.7 (b) de la LPAU faculta a que se impugne de su faz una regla o reglamento aprobado por incumplir con las disposiciones de dicha ley[9]. Al incluir la impugnación de su faz como causa de nulidad de una regla o reglamento el legislador permitió que cualquier persona o entidad impugne un reglamento sin tener que demostrar que sufrió un daño específico e individualizado[10].

---

[4] 3 LPRA § 9601 et seq.
[5] 3 LPRA § 9603 (n).
[6] Íd. (m).
[7] D. Fernández Quiñonez, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, 3ra. Ed. Bogotá, Colombia. Ed. Forum, 2013, pág. 123.
[8] 3 LPRA § 9617 (a); *Centro Unido de Detallistas* v. *Comisión de Servicio Público*, 174 DPR 174,184 (2008). Énfasis nuestro.
[9] 3 LPRA § 9617 (b).
[10] *Centro Unido de Detallistas* v. *Comisión de Servicio Público*, 174 DPR 174,188 (2008).

La Sección 2.7 (b) de la LPAU dispone que la acción de nulidad del reglamento podrá iniciarse por cualquier persona ante este Foro dentro del término jurisdiccional de treinta (30) días siguientes a la fecha de vigencia del reglamento[11]. Asimismo, la Sección 2.7 (b) de la LPAU también establece que la impugnación del reglamento de su faz no paralizará la vigencia de este, salvo que la ley que faculta su adopción disponga expresamente lo contrario[12]. Al presentar una acción de nulidad, la función revisora los tribunales solo se ejercerá para evaluar lo siguiente:

> (1) si la actuación administrativa está autorizada por la ley; (2) si se delegó poder de reglamentación; (3) si la reglamentación promulgada está dentro de los amplios poderes delegados; (4) si al aprobarse el reglamento se cumplió con las normas procesales de la ley orgánica y de las leyes especiales, y (5) si la reglamentación es arbitraria o caprichosa[13].

Los dos tipos de reglas reconocidas por LPAU, son: 1) las reglas legislativas y, 2) las reglas no legislativas. Una regla legislativa "es aquella que crea derechos, impone obligaciones y establece un patrón de conducta que tiene fuerza de ley"[14]. Este tipo de regla, "impacta directamente a los ciudadanos en general y obliga con fuerza de ley a la agencia"[15]. En consecuencia, al adoptar este tipo de reglas las agencias deben observar estrictamente los requisitos de la LPAU, los cuales incluyen: **(1) notificar al público la reglamentación a aprobarse; (2) brindar la oportunidad a los ciudadanos para participar y expresar cualquier reparo hacia ellas, antes de su aprobación final; (3) presentar la reglamentación ante el Departamento de Estado para la correspondiente aprobación; y (4) publicar la reglamentación aprobada[16].**

---

[11] 3 LPRA § 9617 (b); *Fuentes Bonilla* v. *ELA*, 200 DPR 364,378 (2018).
[12] 3 LPRA § 9617 (b).
[13] *M. & B.S., Inc.* v. *Departamento de Agricultura*, 118 DPR 319, 326 (1987).
[14] *Asociación de Maestros* v. *Comisión*, 159 DPR 81 (2003); *Mun. De San Juan* v. *J.C.A.*, 152 DPR 673 (2000).
[15] *Ramírez* v. *Jta. Planificación*, 185 DPR 748 (2012).
[16] *Sierra Club* v. *Junta de Planificación,* 203 DPR 596,606 (2019).

En cuanto a esto, la Sección 2.1 de la LPAU, rectora de los requisitos de radicación de reglamentos nuevos, dispone:

> Siempre que la agencia pretenda adoptar, enmendar o derogar una regla o reglamento, publicará un aviso en español y en inglés en no menos de un periódico de circulación general en Puerto Rico, y en español e inglés en la red de internet. Disponiéndose, que si la adopción enmienda, o derogación de la regla o reglamento afecta, a una comunidad de residentes en específico, la agencia deberá publicar el mismo aviso en un periódico regional que circule en el área donde ubique dicha comunidad, y además deberá pautar un anuncio en una emisora de radio de difusión local de mayor audiencia o mayor cercanía a la comunidad afectada por lo menos en dos (2) ocasiones en cualquier momento en el horario comprendido entre las 7:00 de la mañana y las 7:00 de la noche. El anuncio en la radio deberá indicar la fecha en que se publicó el aviso en el periódico. Tanto el anuncio radial como el aviso contendrán un resumen o explicación breve de los propósitos de la propuesta acción, una cita de la adopción legal que autoriza dicha acción y la forma, el sitio, los días y las horas en que se podrán someter comentarios por escrito o por correo electrónico o solicitar por escrito una vista oral sobre la propuesta acción con los fundamentos que a juicio del solicitante hagan necesaria la concesión de dicha vista oral e indicará el lugar físico y la dirección electrónica donde estará disponible al público, el texto completo de la reglamentación a adoptarse. Al recibir comentarios por correo electrónico, la agencia acusará recibo de los mismos por correo electrónico dentro de dos (2) días laborables de su recibo. El aviso publicado en el periódico contendrá, además, la dirección electrónica de la página donde la agencia haya elegido publicar el aviso en la Red y el texto completo de la regla o reglamento[17].

En cuanto al proceso de participación ciudadana, la LPAU establece que la agencia deberá proveer oportunidad para que los interesados presenten comentarios por escrito durante un término no menor de treinta (30) días, los cuales comenzarán a contarse desde la publicación del aviso[18]. Respecto al proceso de vistas públicas, la Sección 2.3 de la LPAU establece que las agencias podrán celebrarlas **discrecionalmente** y que el funcionario que presida dicha vista preparará un informe para ser considerado por

---

[17] 3 LPRA § 9611.
[18] 3 LPRA § 9612.

la agencia, que contendrá un resumen de los comentarios orales que sean expuestos[19].

Acorde con lo anterior, en *Asociación de Farmacias* v. *Departamento de Salud* el Tribunal Supremo de Puerto Rico dispuso que, **"es facultad discrecional de la agencia celebrar vistas públicas, salvo que la propia ley de la agencia así lo exija"[20]**. Estableció, además, que, dado que la LPAU nada dispone sobre los requisitos y términos de notificación de una vista pública, ese aspecto del procedimiento de reglamentación se rige por lo que disponga la ley orgánica que corresponda[21]. En cuanto a la flexibilidad de diseñar el procedimiento de participación ciudadana, el profesor Fernández Quiñones expone:

> **La forma, manera y grado de participación del público y la ciudadanía son determinaciones enteramente por la agencia.** Para propósitos de la ley, el requisito de participación pública se cumple en la medida en que se notifique en el aviso de que la información y el escrito se le someta a la agencia. La vista pública solo será obligatoria en los casos en que el estatuto orgánico de la agencia la requiera[22].

Acorde con ello, en *JP* v. *Frente Unido,* el Tribunal Supremo expuso que la LPAU provee el mínimo de participación ciudadana que las agencias deben garantizar al adoptar un reglamento[23]. Añadió que el grado de participación ciudadana que debe garantizarse en un procedimiento de reglamentación no es análogo al de los procedimientos adjudicativos[24].

Por otro lado, la Sección 2.5 de la LPAU, regula el contenido, estilo, y forma de la regla o reglamento[25]. El inciso (a) exige que todo reglamento adoptado por una agencia contenga una cita de la

---

[19] 3 LPRA § 9613. Énfasis nuestro.
[20] *Asociación de Farmacias* v. *Dpto. de Salud*, 156 DPR 105,122 (2002). Énfasis nuestro.
[21] Íd.
[22] D. Fernández Quiñonez, <u>Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme</u>, 3ra. Ed. Bogotá, Colombia. Ed. Forum, 2013, pág. 131.
[23] *JP* v. *Frente Unido*, 165 DPR 445,462 (2005).
[24] Íd. pág. 465.
[25] 3 LPRA § 9615.

disposición legal que autoriza su adopción o enmienda[26]. El inciso (b) de dicha sección dispone que toda regla o reglamento adoptado o enmendado ha de contener una "**explicación breve y concisa** de sus propósitos o de las razones para su adopción o enmienda que incluya un resumen ejecutivo disponiendo de **forma clara y precisa** el propósito, la justificación y los costos y los beneficios de la reglamentación propuesta"[27].

El Tribunal Supremo ha establecido que el propósito de incluir la "explicación breve y concisa" en el reglamento es garantizar el ejercicio efectivo de la función revisora de los tribunales, así como evitar actuaciones arbitrarias o caprichosas por parte de las agencias administrativas[28]. Se cumple con la Sección 2.5 de la LPAU si la agencia explica las razones que motivaron la adopción, enmienda o derogación del reglamento[29].

Por otro lado, la Sección 2.6 la LPAU establece que, la agencia deberá mantener disponible para la revisión pública el expediente oficial. Este expediente oficial deberá contener: (1) copia de toda publicación realizada en relación al reglamento; (2) toda petición, requerimiento o cualquier comentario escrito que haya sido radicado ante dicha agencia y cualquier material escrito que la agencia haya considerado al momento de adopción de la regla y el procedimiento posterior; (3) cualquier informe que haya sido preparado por el oficial que presidió la vista con un resumen de las presentaciones; (4) copia de cualquier análisis regulatorio que se haya preparado para la adopción del reglamento; (5) copia de la regla y una explicación de la misma y; (5) cualquier petición de excepción, enmiendas, derogación o suspensión de la regla[30].

---

[26] 3 LPRA § 9615 (a).
[27] 3 LPRA § 9615 (b). Énfasis nuestro.
[28] *Asociación de Farmacias* v. *Departamento De Salud,* 156 DPR 105, 125 (2002).
[29] Íd. págs. 157-158.
[30] 3 LPRA § 9616.

Finalmente, una vez haya sido aprobado el reglamento por la agencia, este deberá ser presentado en el Departamento de Estado y será examinado por el Secretario de Estado para determinar si cumple con las disposiciones de la LPAU. Si este lo aprueba, hará constar dicha aprobación en cada copia del reglamento y publicará en dos (2) periódicos de circulación general una síntesis del reglamento radicado y entonces, se entenderá que el reglamento ha sido debidamente radicado según exigido por ley[31].

III.

En su sustrato, Indigo señala como primer error que, al adoptar el *Reglamento 9519*, el Comisionado incumplió con la Sec. 2.5(b) de la LPAU.[32] Alude a que, no incluyó un resumen ejecutivo que expusiera de forma clara y precisa su propósito, justificación y sus costos y beneficios. No tiene razón. Veamos por qué.

Como mencionamos anteriormente, la Sección 2.5(b) de la LPAU exige que el reglamento adoptado o enmendado debe contener una "explicación breve y concisa de sus propósitos o de las razones para su adopción o enmienda que incluya un resumen ejecutivo disponiendo de forma clara y precisa el propósito, la **justificación** y los **costos y los beneficios** de la reglamentación propuesta"[33].

Del expediente del caso de autos surge que el Art. 2 del *Reglamento 9519* describe el propósito de la adopción de este. Al respecto, dispone:

> ARTICULO 2. – PROPÓSITO. A tenor con lo dispuesto en los Artículos 2.030, 9.301 y 11.190(3) del Código de Seguros de Puerto Rico, se adopta esta Regla con **el propósito de establecer las normas necesarias que regirán el proceso de valoración (conocido en inglés como "appraisal ), a los fines de brindar a las partes una alternativa rápida, económica, no contenciosa e informal para resolver las discrepancias que surjan en torno la cuantía de los daños o pérdidas en una reclamación bajo una póliza de seguros de propiedad** en la línea de negocios comercial o personal, incluyendo las reclamaciones de dependencias del Gobierno de

---

[31] 3 LPRA § 9621.
[32] 3 LPRA § 9615(b).
[33] Íd. Énfasis nuestro.

Puerto Rico y Municipios, instrumentalidades y corporaciones públicas. Las normas establecidas en esta Regla promueven y reglamentan el proceso de valoración como método alterno para la resolución de controversias sobre la cuantía de daños o pérdidas en una reclamación surgida de una póliza de seguros de propiedad en la línea de negocios comercial o personal, así como establecen los criterios de idoneidad y competencia de las personas que actúen como árbitros y tasadores en dicho proceso[34].

En el Artículo 6 se reitera dicho propósito y añade la justificación para su adopción. Establece:

ARTICULO 6. - DECLARACIÓN DE NECESIDAD Y OBJETIVO. Con la aprobación de la Ley Núm. 242-2018 se enmendó el Código de Seguros de Puerto Rico para entre otros asuntos, establecer el marco legal que viabiliza el proceso de valoración. Dicha ley sirve de base para establecer las normas en el proceso de valoración como mecanismo alterno de resolución de conflictos. Por consiguiente, se emite esta Regla **con el fin de establecer las normas que regirán los procesos para atender desacuerdos en la valoración de las reclamaciones entre el asegurado o reclamante y el asegurador.** Las disposiciones de esta Regla que viabilizan el proceso de valoración son necesarias para **proteger adecuadamente el interés público respondiendo a las necesidades de los tiempos**[35].

De una lectura integrada de ambos artículos se desprende un resumen del propósito y justificación, así como los costos y beneficios del *Reglamento 9519*. A saber, el propósito de establecer las normas que regirán el proceso de valoración es proveer un método alterno e informal, para resolver con mayor rapidez los desacuerdos sobre la cuantía de los daños o pérdidas que existan entre asegurado o reclamante y sus aseguradoras. Entonces, dada la naturaleza no contenciosa e informal del proceso de valoración, los asegurados y aseguradoras se beneficiarían de la solución ágil, efectiva y económica de sus controversias.

Creemos que la actuación administrativa se justifica en la protección del interés público ante la respuesta de la industria de seguros a los fenómenos atmosféricos que impactaron la Isla, y las

---

[34] Artículo 2 de la Regla 106 del Reglamento del Código de Seguros de Puerto Rico "Normas para Regular el Proceso de Valoración ('Appraisal') en Reclamaciones de Seguros", Reglamento Núm. 9519 de 1 de diciembre de 2023.
[35] Íd. Art. 6.

consecuentes quejas de los asegurados por la atención inoportuna de sus reclamaciones, el impacto económico y la migración de ciudadanos[36]. Por ende, al exponer de manera breve y concisa la justificación y propósito de la reglamentación propuesta, así como sus costos y beneficios, la ciudadanía queda debidamente informada y no se justifica nuestra función revisora.

IV.

En su segundo señalamiento de error Índigo plantea que, a pesar de que se celebró una vista conforme a la Sec. 2.3 de la LPAU[37], esta no tuvo un carácter público al no anunciarla o convocarla al público en general. Este error tampoco fue cometido. Veamos por qué.

Del expediente surge que el aviso público incluyó una instrucción dirigida a las personas que interesaban participar de una vista pública para que la solicitaran por escrito junto con sus comentarios. Es decir, la vista se limitó a las personas que sometieran comentarios por escrito. El texto del anuncio se cita a continuación:

> Toda persona que tenga interés en presentar comentarios en torno a la propuesta de Regla Núm. 106, lo deberá hacer por escrito dentro del término de treinta (30) días, contado a partir de la fecha de publicación de este aviso. Si además interese participar en una vista pública al respecto, deberá solicitarla por escrito junto con sus comentarios, dentro del término de treinta (30) días antes señalado. [...]

Cabe destacar que el Código de Seguros de Puerto Rico no exige la celebración de una vista pública. De manera que, el Comisionado actuó bajo la discreción que le permite la Sec. 2.3 de la LPAU[38], al proveer oportunidad para la participación ciudadana, a través de comentarios por escrito y solicitar la vista. Tampoco hubo incumplimiento sustancial con el procedimiento establecido

---

[36] Exposición de Motivos de la Ley Núm. 242 de 27 de noviembre de 2018, 26 LPRA § 101 et seq.
[37] 3 LPRA § 9613.
[38] 3 LPRA § 9613.

en la Ley que pueda ocasionar la nulidad del Reglamento aprobado[39].

El aviso público previamente citado, proveyó oportunidad para que las personas interesadas en la vista lo solicitaran y sometieran los comentarios por escrito. Convocar a la vista solo a aquellos que la solicitaron junto con sus comentarios por escrito, y posteriormente redactar el *Informe Final* por el funcionario que presidió la vista, constituyó una actuación cónsona con la discreción que le provee la Ley. En fin, no hubo un incumplimiento sustancial con las disposiciones de participación ciudadana de la LPAU, por lo que no procede declarar nulo el Reglamento por no haber convocado al público general a la vista.

## V.

El tercer y último error señalado se refiere al potencial incumplimiento con la Sec. 2.5(a) de la LPAU[40] al aprobar un contenido en el *Reglamento* sin que existiera base legal para ello. En específico, Índigo alega que el Comisionado actuó de manera *ultra vires* al adoptar los subincisos (a) y (b) del inciso (1) del Artículo 15 de la Regla Núm. 106, los cuales le imponen requisitos a la figura del tasador que no están contemplados en la Ley Núm. 242-2018.[41] En este planteamiento tampoco le asiste razón. Veamos por qué.

Como se mencionó anteriormente, la Sección 2.5(a) de la LPAU exige que, al adoptar un reglamento, la agencia debe incluir una cita de la ley que autoriza su adopción. En cumplimiento con dicha disposición, en su Artículo 1, el Reglamento aprobado incluyó lo siguiente:

> ARTÍCULO 1. - BASE LEGAL
> La Oficina del Comisionado de Seguros de Puerto Rico adopta la Regla Número 106 del Reglamento del Código de Seguros de Puerto Rico, intitulada "Normas para Regular el Proceso de Valoración ("Appraisal") en

---

[39] *Centro Unido de Detallistas* v. *Comisión de Servicio Público,* 174 DPR 174, 184 (2008).
[40] 3 LPRA § 9615 (a).
[41] 26 LPRA § 101 et seq.

Reclamaciones de Seguros", de conformidad con los poderes y facultades conferidos en los **Artículos 2.030 y 11.190(3)** del Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957, según enmendada, así como en la Ley Núm. 38 de 30 de junio de 2017, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico"[42].

En específico, el Artículo 11.190(3) faculta al Comisionado de Seguros a "adoptar las normas y reglas que estime necesarias para regular los procesos de valoración y los criterios de idoneidad y competencia de las personas que actúen como árbitros o tasadores en dicho proceso"[43]. Al examinar el Artículo 11.190 (3) del Código de Seguros, concluimos que dicha disposición legal facultó al Comisionado a adoptar los subincisos (a) y (b) del inciso (1) del Artículo 15 de la Regla Núm. 106 como parte de esas las reglas que estimó necesarias para regular los procesos de valoración y los criterios de idoneidad y competencia de las personas que actúen como árbitros o tasadores en dicho proceso.

VI.

Por los fundamentos antes expuestos, y no habiéndose cometido los errores planteados por la parte recurrente, declaramos No Ha Lugar el presente recurso de *Revisión Judicial.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[42] Artículo 1 de la Regla 106 del Reglamento del Código de Seguros de Puerto Rico "Normas para Regular el Proceso de Valoración ('Appraisal') en Reclamaciones de Seguros", Reglamento Núm. 9519 de 1 de diciembre de 2023.
[43] 26 LPRA § 1119.